[Cite as *State v. G.P.C.*, 2025-Ohio-5019.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

    Plaintiff-Appellee,              :

                                          No. 24AP-691

v.                                         :        (C.P.C. No. 04CR-5345)

[G.P.C.],                                  :        (REGULAR CALENDAR)

    Defendant-Appellant.             :

---

D E C I S I O N

Rendered on November 4, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *Colin Peters Law*, *LLC, and Colin E. Peters*, for appellant. **Argued:** *Colin E. Peters*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} This is an appeal by defendant-appellant, G.P.C., from a judgment entry of the Franklin County Court of Common Pleas denying appellant's application for an order to seal the official records in Franklin C.P. No. 04CR-5345 pursuant to R.C. 2953.32(B)(1)(a). For the following reasons, we reverse and remand to the trial court for further consideration as instructed herein.

**I. Facts and Procedural History**

{¶ 2} In 2004, in Franklin C.P. No. 04CR-5345, appellant entered a plea of guilty to Count 1 of the indictment, importuning, in violation of R.C. 2907.07, a felony of the fifth degree. In exchange for the plea, at plaintiff-appellee State of Ohio's request, a nolle prosequi was entered for Count 2 of the indictment. The trial court sentenced appellant to

a period of community control for three years under basic control supervision and determined that appellant is a sexually oriented offender. (Nov. 22, 2004 Jgmt. Entry.) Appellant successfully completed community control on November 17, 2007.

{¶ 3} On July 8, 2024, appellant filed an application, pursuant to R.C. 2953.32(B)(1)(a), for an order to seal the record of his conviction and all related records in Franklin C.P. No. 04CR-5345. The state filed an objection to the application on September 10, 2024. The state acknowledged that appellant was eligible for sealing but still objected to the court granting the sealing on the grounds that the state had an interest in maintaining these records to protect the safety of the public.

{¶ 4} The trial court held a hearing on October 6, 2024. On October 22, 2024, the trial court summarily denied the application to seal the record with no explanation. On November 20, 2024, appellant filed a notice of appeal.

## II. Assignments of Error

{¶ 5} Appellant appeals and assigns the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRED BY DENYING APPELLANT'S APPLICATION TO SEAL THE RECORD WITHOUT MAKING ANY FINDINGS REQUIRED BY LAW.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPLICATION TO SEAL THE RECORD WHERE THE RECORD REFLECTS THAT APPELLANT MET THE CRITERIA OF R.C. 2953.32(D)(1).
>
> [III.] THE STATE COMMITTED PROSECUTORIAL MISCONDUCT BY MISSTATING MATERIAL FACTS IN ITS WRITTEN OBJECTION, WHICH WAS PREJUDICIAL TO APPELLANT.

## III. Discussion

{¶ 6} We begin our analysis with the third assignment of error as it is dispositive to our review and renders moot the first and second assignments of error.

{¶ 7} In the written objection to appellant's application, the state stated "Indeed, within the same year as these convictions [sic] the Applicant was charged and convicted in Delaware County and was placed on the sex offender registry until 2014." (State's Obj. to Applicant Request to Seal Record of Conviction at 1-2.) The state did not refer to any

particular case number from Delaware County or otherwise. At the October 6, 2024 hearing, appellant informed the trial court "One other thing I would like to add, too, is with their objection, there was no second conviction in Delaware County." (Tr. at 3-4.) At that time, the state did not respond to appellant's statement and did not provide the court with any additional information.

{¶ 8} Despite not correcting the record before the trial court, in its merit brief before this court, the state informs us:

> Firstly, it does appear the state was mistaken in stating there was a second conviction in Delaware County. This was certainly not intentional – it seems to have been caused by a misreading of and/or a confusing LEADS report.

(Appellee's Brief at 13.) The state argues, nevertheless, that no prejudice resulted since the state did not attempt to refute appellant's denial of the state's assertion at the hearing, and the state did not inquire further. The state concedes, however, that "if it is unclear to this court, or there is any ambiguity as to whether or not the trial court gave any credence or weight to this second conviction, the proper remedy would not be to reverse the trial court's denial of the application and order the sealing to be granted. Instead, the case should be remanded to the trial court for further consideration in accordance with law." (Appellee's Brief at 13-14.)

{¶ 9} The transcript of the hearing merely notes that in response to appellant informing the trial court that there was no second conviction, the trial court responded to appellant "I'll note that." (Oct. 6, 2024 Tr. at 4.) The trial court then informed appellant that he would take the application under advisement. As noted above, the trial court's entry merely states that it denied the application to seal the record and provides no further explanation.

{¶ 10} We agree with the state, in part, that the proper remedy at this stage is not to grant the application. However, given that we are unable to discern from the entry or the record whether the trial court considered and gave weight to either the state's assertion of a second conviction or appellant's denial of the second conviction, we find it appropriate to reverse the denial and remand this case to the trial court. On remand, the trial court shall consider the information which the state provided to this court in its brief that it does appear the state was mistaken in stating there was a second conviction in Delaware County

as well as any other relevant information provided by the state or appellant. On considering the same, the trial court shall determine whether to grant or deny the sealing of the record.

{¶ 11} Accordingly, appellant's third assignment of error is sustained.

## IV. Conclusion

{¶ 12} Based on the foregoing, appellant's third assignment of error is sustained, which renders moot appellant's first and second assignments of error. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further consideration and determination by the trial court as instructed herein.

*Judgment reversed;*
*cause remanded with instructions.*

JAMISON, P.J., and LELAND, J., concur.

———————————